IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

| | | |
|---|---|---|
| STATE OF ARKANSAS | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:09CM00030  SWW |
| BENJAMIN L. EAGLE and | * | |
| OLANDIS MOORE | * | |
| | * | |
| Defendant | * | |

**ORDER**

On June 22, 2009, Benjamin L. Eagle and Olandis Moore, proceeding *pro se*, filed a notice of removal (docket entry #1) seeking to remove criminal charges[1] pending against them from the jurisdiction of the Pulaski County Circuit Court to this federal court.  Petitioners seek removal on "for reasons having to do with constitutional violations of individual rights as defined under the Constitutional Amendments, Due process, in 5th Amendment, Due Process, 6th Amendment Speedy Trial and the Right to Effective Assistance of Counsel, and 14th Amendment Equal Protection Clause, respectively."   Docket entry #1, at 1.

Eagle alleges that the attorney appointed to represent him in state court[2] requested that he receive a mental evaluation "out of retaliation because the defendant anniversary of arrest was fast coming upon the court and the court needed something to continue to hold on the defendant . . . . "   Eagle states that he has filed several motions asking that his counsel be removed, "but

---

[1]The state charges include criminal attempt to commit theft of property, fraudulent insurance acts, and forgery.

[2]According to Eagle, the Circuit Judge removed the first attorney appointed to represent him after Eagle complained that he was receiving ineffective assistance of counsel.  However, Eagle reports that "[t]he new counsel was even worse than the first . . . . "  Docket entry #1, at 3.

the judge refuses to relieve this man as counsel due to his political favor with a law firm that he is associated with." On June 25, 2009, Eagle filed motion for a preliminary injunction in this case, asking the Court to enjoin the State from "further action against [him] to undergo a mental evaluation that is unwarranted and has no basis . . . ." Docket entry #4, at 1.

Moore alleges that his court-appointed counsel forced him to enter a plea agreement, and he seeks to have his guilty plea set aside on due process grounds.

The Court is under an independent obligation to examine the notice of removal to determine whether subject matter jurisdiction exists. Furthermore, the Court possesses the authority, under 28 U.S.C. § 1447(c), to remand a case, *sua sponte*, for lack of subject matter jurisdiction.

In order for a criminal defendant to remove a criminal prosecution from a state court, he must file a notice of removal that contains a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon the defendant in the state court. *See* 28 U.S.C. § 1446(a). Petitioners have failed to comply with § 1446(a).

Further, Petitioners' notice of removal does not contain a short and plain statement of the grounds for removal. A state criminal prosecution may be removed to this Court by a defendant only under limited circumstances. There are three statutes which govern the removal of criminal prosecutions. Pursuant to 28 U.S.C. § 1442, federal officers prosecuted for acts done in furtherance of their official duties may remove the state prosecution to federal court. Under § 1442(a) members of the armed forces in certain limited situations may remove the state prosecution to federal court. Finally, under 28 U.S.C. § 1443(1) and (2), a defendant may remove a state prosecution to federal court where it is:

(1) Against any person who is denied or cannot enforce in the courts of such State a

right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The phrase "any law providing for ... equal civil rights" set forth in § 1443(1) means any law providing for specific civil rights stated in terms of racial equality. *See Georgia v. Rachel*, 384 U.S. 780 (1966). Broad contentions of deprivations of equal protection and due process, as alleged here, do not support removal of claims under Section 1443(1). *See Johnson v. Mississippi*, 421 U.S. 213, 219(1975)("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of §1443(1)").  And §1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).

The Court finds that Petitioners' allegations to not support removal under the aforementioned statutes, and no statutory basis exists for the removal of Petitioners' criminal case from state court to federal court.

IT IS THEREFORE ORDERED that Petitioners' criminal case is hereby remanded summarily to the Pulaski County Circuit Court pursuant to 28 U.S.C. § 1446(c)(4).

IT IS SO ORDERED THIS 26th  DAY OF JUNE, 2009.

_____
UNITED STATES DISTRICT JUDGE